FEDERAL DEPOSIT INSURANCE CORP., a Corporation and Agency of the United States of America, Plaintiff,

v.

CENTRAL AIR CONTROL, INC., Dennis A. Gerstner, Debbie M. Gerstner, and the Trane Company, Defendants.

Civ. A. No. 91–1100–B.

United States District Court, D. Kansas.

Feb. 4, 1992.

---

Robert W. Coykendall, Diane S. Worth, Morris, Laing, Evans, Brock & Kennedy, Chtd., Wichita, Kan., for plaintiff.

David L. Dahl, Kassebaum & Johnson, David G. Arst, Arst & Loyd, Wichita, Kan., for defendants.

## MEMORANDUM AND ORDER

BELOT, District Judge.

This matter comes before the court on plaintiff's motion for summary judgment against defendants Central Air Control, Inc., Dennis A. Gerstner, and Debbie M. Gerstner. (Doc. 17) Federal Deposit Insurance Corporation (FDIC), the receiver of Boulevard State Bank of Wichita (Boulevard), filed this action to recover on six promissory notes, four guaranties executed by the defendants, and to foreclose a security interest securing the notes.

FDIC filed its motion for summary judgment on June 12, 1991, and the defendants filed their response on August 8, 1991. FDIC contends its motion should be deemed uncontested pursuant to Local Rule 206(g), which provides in relevant part:

"The failure to file a brief or response within the time specified within this rule shall constitute a waiver of the right thereafter to file such brief or response, except upon a showing of excusable neglect ..."

Due to the withdrawal of defendants' previous counsel, this court entered an order on June 6, 1991 granting defendant thirty days to obtain new counsel. Defendants' new counsel entered his appearance on July 9, 1991, and filed defendants' response to the summary judgment motion within thirty days thereafter. Under these circumstances, the court believes the defendants' failure to respond to the motion within thirty days is excusable. Defendants' new counsel needed time to familiarize himself with the case and draft a response.

Defendant Central Air Control, Inc. (Central Air) executed four promissory notes, dated November 8, 1985, July 28, 1986, October 17, 1986, and November 26, 1986, for the principle amounts of $9,712.44, $7,666.92, $30,000.00, and $49,774.77, respectively, with Boulevard. These notes were secured by two purchase money security interests and a security interest in Central Air's accounts receivable, inventory, and equipment. Defendant Dennis Gerstner executed two promissory notes with Boulevard, dated August 25, 1986 and November 24, 1986, for the principle amounts of $20,000.00 and $8,000.00, respectively. Defendants Dennis Gerstner and Debbie Gerstner executed a guaranty covering all obligations of Central Air on April 16, 1979. Dennis Gerstner executed an additional guaranty covering all obligations of Central on April 16, 1984, and Debbie Gerstner executed an identical guaranty that same day. On July 6, 1984, Debbie Gerstner executed a guaranty covering all obligations of Dennis Gerstner.

The promissory notes have matured and none have been paid. The defendants Dennis Gerstner and Debbie Gerstner have not made the payments required under the terms of the guaranty.

Summary judgment is appropriate when the moving party can demonstrate that there is no genuine issue of material fact and is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); Fed.R.Civ.P. 56(c).

FDIC contends defendants have failed to properly dispute its statement of uncontroverted facts. Fed.R.Civ.P. 56(e); Local Rule 206(c). Fed.R.Civ.P. 56(e) provides in relevant part:

"When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."

Defendants' response is wholly inadequate under the rule. Defendants rely on conclusory denials of FDIC's allegations and provide no documentation to support their denials. Defendants attempt to assert affirmative defenses that were not raised in their answer. Defendants attach the affidavit of Dennis Gerstner, which states that he "believes" two of the promissory notes have been paid off and the amounts of money owed on others are "incorrect". No effort is made to produce specific facts or portions of the record supporting these contentions.

Under Local Rule 206(c), "All material facts set forth in the statement of the movant shall be deemed admitted for the purpose of summary judgment unless specifically controverted by the statement of the opposing party." Defendants' response does not comply with this rule. Accordingly, FDIC's statement of uncontroverted facts is deemed admitted.

The question thus becomes whether FDIC is entitled to judgment as a matter of law.[1] The six promissory notes are instruments under K.S.A. 84–3–104 and FDIC is a holder under K.S.A. 84–1–201(20). The notes have matured and the principal and interest is unpaid. FDIC has produced the notes and the defendants have admitted the signatures in their answer. FDIC is therefore entitled to summary judgment on the notes.

■ FDIC seeks summary judgment on the four guaranties executed by Dennis Gerstner and Debbie Gerstner. "A guaranty is a contract between two or more persons, founded upon consideration, by which one person promises to answer to another for the debt, default or miscarriage of a third person, and, in a legal sense, has relation to some other contract or obligation with reference to which it is a collateral undertaking." *Iola State Bank v. Biggs,* 233 Kan. 450, Syl. ¶ 1, 662 P.2d 563 (1983).

The interpretation of a guaranty was restated in *Federal Deposit Ins. Corp. v. Neitzel,* 769 F.Supp. 346 (D.Kan.1991):

A contract of guaranty is to be construed, as are other contracts, according to the intention of the parties as determined by a reasonable interpretation of the language used in the light of the attendant circumstances. After the intention of the parties or the scope of the guarantor's undertaking has been determined by application of general rules of construction, the obligation is strictly construed and may not be extended by construction or implication.

769 F.Supp. at 348 (quoting *Overland Park Savings & Loan Ass'n v. Miller,* 243 Kan. 730, 738, 763 P.2d 1092 (1988)).

The four guaranties at issue were executed on identical printed forms. The first paragraph of the agreement states in relevant part:

The undersigned, jointly and severally if more than one, for value received, re-

---

**1.** *Federal Deposit Ins. Corp. v. Neitzel,* 769 F.Supp. 346, 348, n. 3 (federal law normally governs civil suits in which the FDIC is a party; court may look to state law in fashioning federal common law).

ceipt of which is hereby acknowledged, and in further consideration of the advances made or to be made by you from time to time to or for the account of or for the benefit of *(name of obligor)* (hereinafter referred to as the Borrower), or for the benefit of another when Borrower is guarantor, hereby guarantees payment at maturity or upon default of any kind of all existing and future indebtedness and liability of every kind, nature, and character (including all renewals, extensions, and modifications thereof) from the Borrower to you, your successors or assigns.

The court finds the language of the guaranties plain and unambiguous. The guarantors, Dennis Gerstner and Debbie Gerstner, have agreed to guarantee payment of all indebtedness and liabilities of the obligors, Central Air and Dennis Gerstner. The indebtedness referred to in the guaranties includes the six promissory notes. All six notes have matured and have not been repaid. The guarantors, Dennis Gerstner and Debbie Gerstner, are liable under the terms to make payments in these circumstances.

Defendants contend the guaranties are invalid because of lack of consideration. Defendants failed to raise this defense in their answer, as required by Fed.R.Civ.P. 8(c), and their failure to do so waives the defense. *Hanover Ins. Co. v. Cameron Country Mut. Ins. Co.,* 730 F.Supp. 998 (E.D.Mo.1990). They also raise defenses of estoppel and laches but make no effort to show how these defenses are applicable, either factually or legally.

Summary judgment is granted on the four guaranties.

 FDIC seeks to foreclose its security interest in Central Air's accounts receivables, inventory, and equipment. In order for a security agreement to be enforceable against a debtor, the debtor must have signed a security agreement which contains a description of the collateral, value must have been given, and the debtor must have rights in the collateral. K.S.A. 1990 Supp. 84–9–203(1). All three requirements are satisfied. Dennis Gerstner signed the se-

curity agreement on behalf of Central Air, Central Air received value from the promissory notes, and the collateral has remained in the possession of Central Air since the security agreement was signed.

Summary judgment is granted foreclosing the security interest of FDIC in the collateral described in the security agreement.

IT IS THEREFORE ORDERED that FDIC's motion for summary judgment (Doc. 17) is hereby granted. FDIC shall have a joint and several judgment against the defendants Central Air, Dennis Gerstner, and Debbie Gerstner, in the amount of $102,912.14, with interest of $23.37 per day from January 23, 1990; a judgment against the defendant Central Air foreclosing the security interests of FDIC in a 1984 GMC 1 Ton Truck, I.D. # 1GDHC34M7EVF15737, a 1985 Ford Van, I.D. # 1FTEE14Y7FHB54664; and a joint and several judgment against the defendants Dennis Gerstner and Debbie Gerstner in the amount of $38,337.39, plus interest of $8.07 per day from January 23, 1990.